UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEGANNE NATALE and CHELSEA CHENG, individually and on behalf of all others similarly situated,<br><br>                          Plaintiffs,<br><br>    v.<br><br>9199-4467 QUEBEC INC., d/b/a EARTH RATED,<br><br>                          Defendant. | Case No. 2:21-cv-6775-JS-SIL<br><br>Hon. Joanna Seybert |

**DECLARATION OF MAX S. ROBERTS IN SUPPORT OF PLAINTIFFS'
MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

I, Max S. Roberts, declare as follows:

1.      I am a member of the bar of this Court and an attorney at Bursor & Fisher, P.A., counsel for Plaintiffs in this action.  I make this declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement ("the Motion").  I have personal knowledge of the facts set forth in this declaration and, if called as a witness, could and would competently testify under oath concerning the matters set forth in this declaration.

2.      Attached as **Exhibit 1** is a true and correct copy of the Settlement Agreement that the parties reached in this case, and which is the subject of the Motion.

3.      Attached as **Exhibit 2** is a true and correct copy of Bursor & Fisher's most up-to-date firm resume.

4.      In or about September 2023, the Parties began attempting to negotiate a potential class settlement of the Action.  These negotiations involved counsel experienced in class actions and complex litigation and occurred at arm's-length.

1

5. As a part of these negotiations, the Parties exchanged informal discovery, which was largely the same information that would have been produced had the case proceeded to formal discovery. Accordingly, the Parties were sufficiently informed of the strengths and weaknesses of their respective positions, the size of the putative class, and the damages at issue to negotiate a reasonable settlement.

6. As part of the exchange of informal discovery, Plaintiff Cheng provided Defendant with her purchase receipt for the Certified Compostable Poop Bag, which was an issue Defendant raised in the Motion to Dismiss briefing. The receipt showed that Plaintiff Cheng purchased the Certified Compostable Poop Bag from a pet store selling the Certified Compostable Poop Bag on Amazon.com, as opposed to Defendant's Amazon.com store page. This is why Defendant ostensibly "ha[d] no record" of Plaintiff Cheng "purchasing the [Earth Rated] Product via Amazon.com as alleged." *Natale v. 9199-4467 Quebec Inc.*, 2023 WL 4850531, at *4 (E.D.N.Y. July 28, 2023) (Seybert, J.). Accordingly, there is now no dispute that Plaintiff Cheng is a member of the Settlement Class she seeks to represent.

7. On January 31, 2024, after several months of arm's-length negotiations, the Parties executed a term sheet memorializing the material terms of a nationwide class settlement. The Parties then executed the Settlement itself on March 13, 2024.

8. The Parties agreed to the terms of the Settlement through experienced counsel who possessed all the information necessary to evaluate the case, determine all the contours of the proposed Settlement Class, and reached a fair and reasonable compromise after negotiating the terms of the Settlement at arm's length.

9. Based on information provided by Defendant, my understanding is that the Settlement Class includes at least 549,000 Certified Compostable Poop Bags, the most popular variant of which was the 60-count variant of the Certified Compostable Poop Bag. That variant

2

of the Certified Compostable Poop Bag retailed for approximately $9.00, which amounts to a cost of 15 cents per bag of the Certified Compostable Poop Bag.[1] By contrast, Defendant sold its poop bags without the "Certified Compostable" representation for approximately 6 cents per bag. FAC ¶ 35. So, had Defendant truthfully advertised the Certified Compostable Poop Bags, consumers would have only paid $3.60 for each 60-counter variant of the Certified Compostable Poop Bag—a difference of $5.40 from the listed price.[2] Accordingly, each individual Settlement Class Member's maximum actual damages in this matter are $5.40.

10. Similarly, assuming that each of the 549,000 Certified Compostable Poop Bags was the 60-count variant, Defendant's revenue for those Certified Compostable Poop Bags was $4.941 million when it should have only been $1.976 million. Thus, the entire Settlement Class's maximum actual damages in this matter are $2.965 million.[3]

11. The Settlement establishes an $825,000 non-reversionary common fund from which Settlement Class Members can recoup $2.00 per Certified Compostable Poop Bag. Accordingly, the Settlement Fund represents approximately a 30.86% recovery of the Settlement Class's maximum actual damages in this matter, and the $2.00 award per Certified Compostable

---

[1] $9.00 ÷ 60 bags = 15 cents per bag.

[2] 60 bags × 6 cents per bag = $3.60. $9.00 − $3.60 = $5.40.

[3] This calculation can be broken down as follows:
- 549,000 Certified Compostable Poop Bags × $9.00 (cost of 60-count variant) = $4.941 million.
- 549,000 Certified Compostable Poop Bags × $3.60 (what the Certified Compostable Poop Bags should have cost but for Defendant's misrepresentations) = $1.976 million.
- $4.941 million − $1.976 million = $2.965 million (the Settlement Class's actual damages).

3

Poop Bag represents a 37.04% recovery of each individual Settlement Class Member's actual damages.[4]

12. Class Counsel has devoted substantial resources to the prosecution of this action by investigating Plaintiffs' claims and that of the Settlement Class, aggressively pursuing those claims, briefing and largely defeating a motion to dismiss, conducting informal discovery, and ultimately, negotiating a favorable class action settlement over a number of months.

13. Plaintiffs and proposed Class Counsel recognize that despite their belief in the strength of Plaintiffs' claims, and Plaintiffs' and the Settlement Class's ability to ultimately secure a favorable judgment at trial, the expense, duration, and complexity of protracted litigation would be substantial and the outcome of trial uncertain.

14. Plaintiffs and proposed Class Counsel are also mindful that absent a settlement, the success of Defendant's various defenses in this case could deprive the Plaintiffs and Settlement Class Members of any potential relief whatsoever. Defendant is represented by highly experienced attorneys who have made clear that absent a settlement, they were prepared to continue to vigorously defense of this case, including by moving for summary judgment after discovery, opposing class certification, and potentially moving for decertification or appeal of any certified class pursuant to Fed. R. Civ. P. 23(f). Plaintiffs and Class Counsel are also aware that Defendant would continue to challenge liability, as well as assert a number of defenses. Looking beyond trial, Plaintiffs are also keenly aware that Defendant could appeal the merits of any adverse decision.

---

[4] $825,000 ÷ $2.965 million = 27.82%. $2.00 ÷ $5.40 = 37.04%.

15. Plaintiffs and proposed Class Counsel believe that the relief provided by the settlement weighs heavily in favor of a finding that the Settlement is fair, reasonable, and adequate, and well within the range of approval.

I declare under penalty of perjury that the foregoing is true and correct. Executed in New York, New York on March 14, 2024.

/s/ Max S. Roberts
Max S. Roberts