**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| MEGANNE NATALE and CHELSEA CHENG, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>         v.<br><br>9199-4467 QUEBEC INC., d/b/a EARTH RATED,<br><br>                              Defendant. | Case No. 2:21-cv-6775-JS-SIL<br><br>Hon. Joanna Seybert |

## CLASS ACTION SETTLEMENT AGREEEMNT

This Agreement ("Agreement" or "Settlement Agreement") is entered into by and among (i) Plaintiffs, Meganne Natale and Chelsea Cheng ("Plaintiffs"); (ii) the Settlement Class (as defined herein); and (iii) Defendant, 9199-4467 Quebec Inc. d/b/a Earth Rated, ("Defendant" or "Earth Rated"). The Settlement Class and Plaintiffs are collectively referred to as the "Plaintiffs" unless otherwise noted. Plaintiffs and Defendant are collectively referred to herein as the "Parties." This Agreement is intended by the Parties to fully, finally and forever resolve, discharge, and settle the Released Claims (as defined herein), upon and subject to the terms and conditions of this Agreement, and subject to the final approval of the Court (hereafter, the "Settlement").

## RECITALS

A.    On October 28, 2021, Plaintiffs filed a putative class action complaint in the United States District Court for the Eastern District of New York. Plaintiffs allege that they were misled into believing that certain Earth Rated products (further described and defined herein) were "compostable." (ECF No. 1.).

B.      In response to the complaint, on March 24, 2022, Defendant filed a letter requesting a pre-motion conference regarding its intent to file a motion to dismiss under Fed. R. Civ. P. 12(b)(6).  (ECF No. 13).

C.      On March 28, 2022, Plaintiffs filed a letter responding to Defendant's March 24, 2022 letter and informing the Court that they intended to file an amended complaint pursuant to Fed. R. Civ. P. 15(a)(1).  (ECF No. 14).

D.      On May 6, 2022, pursuant to Fed. R. Civ. P. 15(a)(1), Plaintiffs filed a First Amended Class Action Complaint correcting the date of Plaintiff Cheng's purchase and removing Plaintiffs' claim for injunctive relief.  (ECF No. 20).

E.      In response to the amended complaint, on June 6, 2022, Defendant filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).  (ECF No. 21).  On July 6, 2022, Plaintiffs filed an opposition to the motion to dismiss.  (ECF No. 25).  And on July 21, 2022, Defendant filed a reply in support of its motion to dismiss.  (ECF No. 26).

F.      On July 28, 2023, the Court issued an Opinion & Order granting in part and denying in part the motion to dismiss.  (ECF No. 27).

G.      On August 25, 2023, Defendant filed an Answer to the First Amended Class Action Complaint, denying the allegations generally and asserting eighteen affirmative and other defenses.  (ECF No. 29).

H.      Throughout the litigation, the Parties discussed the prospect of settlement. Following the Court's order on Defendant's motion to dismiss, the Parties agreed to engage in settlement negotiations and stay the case pending potential resolution of the matter.

I.      The litigation was stayed beginning September 12, 2023 until January 28, 2024, during which the Parties exchanged class discovery and negotiated the terms of the settlement.

On January 31, 2024, the Parties reached an agreement in principle and executed a Confidential Term Sheet, which expressly contemplated the creation of this Agreement.

J.      At all times, Defendant has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it committed, or threatened or attempted to commit, any wrongful act or violation of law or duty alleged in the Action, and maintained its opposition to certification of a litigation class.  Defendant has a good faith belief that it would have prevailed at class certification, summary judgment, and/or trial.  Nonetheless, taking into account the uncertainty and risks inherent in any litigation, the desire to avoid the expenditure of further legal fees and costs, and the benefits that consumers will receive from a negotiated settlement, Defendant has concluded it is desirable and beneficial that the Action be fully and finally settled and terminated in the manner and upon the terms and conditions set forth in this Agreement.  This Agreement is a compromise, and the Agreement, any related documents, and any negotiations resulting in it shall not be construed as or deemed to be evidence of or an admission or concession of liability or wrongdoing on the part of Defendant, or any of the Released Parties (defined below), with respect to any claim of any fault or liability or wrongdoing or damage whatsoever or with respect to the certifiability of a litigation class.

K.      Plaintiffs believe that the claims asserted in the Action against Defendant have merit and that they would have prevailed at class certification, summary judgment, and/or trial. Nonetheless, Plaintiffs and Class Counsel recognize that Defendant has raised factual and legal defenses that present a risk that Plaintiffs may not prevail.  Plaintiffs and Class Counsel also recognize the expense and delay associated with continued prosecution of the Action against Defendant through class certification, summary judgment, trial, and any subsequent appeals. Plaintiffs and Class Counsel also have taken into account the uncertain outcome and risks of litigation, especially in complex class actions, as well as the difficulties inherent in such

3

litigation. Therefore, Plaintiffs believe it is desirable that the Released Claims, as further defined herein, be fully and finally compromised, settled, and resolved with prejudice. Based on its evaluation, Class Counsel has concluded that the terms and conditions of this Agreement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of this Agreement.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among Plaintiffs, the Settlement Class, and each of them, and Defendant, by and through its undersigned counsel that, subject to final approval of the Court after a hearing or hearings as provided for in this Settlement Agreement, in consideration of the benefits flowing to the Parties from the Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, and released, and the Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

**<u>AGREEMENT</u>**

**1.    DEFINITIONS.**

As used in this Settlement Agreement, the following terms have the meanings specified below:

**1.1    "Action"** means *Natale et al. v. 9199-4467 Quebec Inc. d/b/a Earth Rated, Case No. 2:21-cv-6775*, pending in the United States District Court for the Eastern District of New York.

**1.2    "Approved Claim"** means a Claim Form submitted by a Settlement Class Member that: (a) is submitted timely and in accordance with the directions on the Claim Form and the provisions of the Settlement Agreement; (b) is fully and truthfully completed by a Settlement Class Member with all of the information requested in the Claim Form; (c) is signed

4

by the Settlement Class Member, physically or electronically; and (d) is approved by the Settlement Administrator pursuant to the provisions of this Agreement.

1.3    **"Claim Form"** means the document to be submitted by Settlement Class Members seeking a cash payment pursuant to this Settlement Agreement.  The Claim Form will be available online at the Settlement Website (defined at Section 1.32 below) and the contents of the Claim Form will be substantially in the form attached hereto as Exhibit A, to be approved by the Court.

1.4    **"Claimant"** means a Settlement Class Member who submits a claim for cash payment as described in Section 2 of this Settlement Agreement.

1.5    **"Claims Deadline"** means the date by which all Claim Forms must be postmarked or received to be considered timely and will be set as a date no later than forty-five (45) days after entry of the Settlement Approval Order and Final Judgment.  The Claims Deadline shall be clearly set forth in the Preliminary Approval Order as well as in the Class Notice and the Claim Form.

1.6    **"Class Counsel"** means the law firm of Bursor & Fisher, P.A.

1.7    **"Class Notice"** means the Court-approved "Notice of Class Action Settlement."

1.8    **"Class Representatives"** mean the named Plaintiffs in this Action, specifically, Meganne Natale and Chelsea Cheng.

1.9    **"Court"** means the United States District Court for the Eastern District of New York, the Honorable Joanna Seybert presiding, or any judge who will succeed her as the Judge in this Action.

1.10    **"Defendant"** means 9199-4467 Quebec Inc. d/b/a Earth Rated.

1.11    **"Defendant's Counsel"** means the law firm of Nelson Mullins Riley & Scarborough, LLP.

**1.12** **"Certified Compostable Poop Bags"** means one or more units of Earth Rated Certified Compostable Poop Bags bearing the following SKU names:

- COMP60

- ERCOMP120

- ERCOMP105WEB

- ERCOMP225WEB

**1.13** "**Fee Award***" means the amount of attorneys' fees and reimbursement of expenses and costs awarded by the Court to Class Counsel, which will be paid by Defendant out of the Settlement Fund pursuant to the terms set forth herein.

**1.14** **"Final Approval Hearing"** means the hearing before the Court where the Parties will request that the Settlement Approval Order and Final Judgment be entered by the Court approving the Settlement Agreement, and where Plaintiffs will request the Court to approve the Fee Award and the Service Awards to the Class Representatives.

**1.15** **"Final Settlement Approval Date"** means one business day following the latest of the following events:  (i) the date upon which the time expires for filing or noticing any appeal of the Court's Settlement Approval Order and Final Judgment approving the Settlement Agreement, if no appeal has been filed; (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of completion, in a manner that finally affirms and leaves in place the Settlement Approval Order and Final Judgment without any material modification, of all proceedings arising out of the appeal or appeals (including, but not limited to, the expiration of all deadlines for motions for reconsideration or petitions for review and/or *certiorari*, all proceedings ordered on remand, and all proceedings arising out of any subsequent appeal or appeals following decisions on remand); or (iii) the date of final dismissal of any appeal or the final dismissal of any proceeding on *certiorari*.

**1.16**   **"Notice Plan"** means the Settlement Administrator's plan to disseminate Class Notice to Settlement Class Members.  The Notice Plan will include an email notice, a long form notice that will be available on the Settlement Website, and internet banner notice. *See also* Section 4.

**1.17**   **"Notice and Other Administrative Costs"** means all costs and expenses actually incurred by the Settlement Administrator in the publication of Class Notice, establishment of the Settlement Website, the processing, handling, reviewing, and paying of Approved Claims made by Claimants, and paying taxes and tax expenses related to the Settlement Fund (including all federal, state, or local taxes of any kind and interest or penalties thereon, as well as expenses incurred in connection with determining the amount of and paying any taxes owed and expenses related to any tax attorneys and accountants).

**1.18**   **"Notice Date"** means the date of publication of notice pursuant to Section 4 of this Agreement.

**1.19**   **"Objection/Exclusion Deadline"** means the date to be set by the Court as the deadline for Settlement Class Members to submit objections or requests for exclusion from the Settlement Class, and will be set as a date no later than thirty (30) days prior to the Final Approval Hearing.

**1.20**   **"Preliminary Approval"** means the Court's entry of an order preliminarily approving the terms and conditions of this Settlement Agreement, including the manner of providing, and content of, the Settlement Class Notice.

**1.21**   **"Preliminary Approval Date"** means the date on which the Court enters an order entering the Preliminary Approval Order.

**1.22**   **"Preliminary Approval Order"** means the order preliminarily approving the Settlement Agreement, certifying the Settlement Class for settlement purposes only, and

directing notice thereof to the Settlement Class, which will be agreed upon by the Parties and submitted to the Court in conjunction with Plaintiffs' motion for preliminary approval of this Agreement.

**1.23    "Released Claims"** means the claims released pursuant to Section 6.1 of this Agreement.

**1.24    "Released Parties"** means Defendant and all of its current, former, and future parents, predecessors, successors, affiliates, assigns, subsidiaries, divisions, or related corporate entities, and all of its respective current, future, and former employees, officers, directors, shareholders, assigns, agents, trustees, administrators, executors, insurers, attorneys, and customers, as well as any suppliers, distributors, manufacturers, resellers, third-party retailers or any other intermediaries involved in the sale of the Certified Compostable Poop Bags, whether on online platforms, in retail outlets or elsewhere, from any and all causes of action, suits, claims, liens, demands, judgments, costs, damages, obligations, attorneys' fees (except as provided for in the Class Settlement), and all other legal responsibilities in any form or nature, including but not limited to all claims relating to or arising out of state, local, or federal statute, ordinance, regulation, or claim at common law or in equity, whether past, present, or future, known or unknown, asserted or unasserted, arising out of or in any way related to compostability of the Certified Compostable Poop Bags, or related to claims or statements relating thereto, during the Class Period, as alleged in or arising from the operative complaint on file in this Action. This release expressly does not extend to personal injury claims regarding the Certified Compostable Poop Bags.

**1.25    "Releasing Parties"** means Plaintiffs, those Settlement Class Members who do not timely request exclusion from the Settlement Class, and all of their respective present or past heirs, executors, estates, administrators, predecessors, successors, assigns, parent companies,

subsidiaries, associates, affiliates, employers, employees, agents, consultants, independent contractors, insurers, directors, managing directors, officers, partners, principals, members, attorneys, accountants, financial and other advisors, underwriters, shareholders, lenders, auditors, investment advisors, legal representatives, successors in interest, assigns and companies, firms, trusts, and corporations.

      **1.26**   **"Service Awards"** means any award approved by the Court that is payable to the named Plaintiffs (*i.e.*, Class Representatives Meganne Natale and Chelsea Cheng) by Defendant pursuant to the terms set forth herein.

      **1.27**   **"Settlement Administrator"** means JND Legal Administration and its successors and assigns.

      **1.28**   **"Settlement Class Members"** or **"Settlement Class"** means:

> all persons in the United States who purchased one or more units of Earth Rated's Certified Compostable Poop Bags during the Settlement Class Period, excluding persons who purchased the Certified Compostable Poop Bags for the purpose of resale or for purposes other than personal use.

      **1.29**   **"Settlement Class Period"** means the period of time from October 28, 2015, through and including the Notice Date.

      **1.30**   **"Settlement Fund"** means the total cash commitment of Defendant for purposes of this Settlement, as described in Section 2 of this Settlement Agreement, with a total value of eight hundred and twenty-five thousand dollars ($825,000.00 USD). From the Settlement Fund, the Settlement Administrator shall pay all monetary payments to Settlement Class Members, Settlement administration expenses, any Service Award to the Class Representatives, any Fee Award to Class Counsel, and any other costs, fees or expenses approved by the Court. The Settlement Fund represents the total extent of Defendant's monetary obligations under this Agreement, and is non-reversionary. The payment of the sum into the Settlement Fund by

Defendant fully discharges Defendant and the other Released Parties' financial obligations (if any) in connection with the Settlement, meaning that no Released Party shall have any other obligation to make any payment into an escrow account or to any Class Member, or any other person, under this Agreement. In no event shall the total monetary obligation with respect to this Agreement on behalf of Defendant exceed eight hundred and twenty-five thousand dollars ($825,000.00 USD), and in no event shall the Settlement Fund or any portion thereof revert to Defendant.

      **1.31**    **"Settlement Approval Order and Final Judgment"** means an order and judgment issued and entered by the Court, approving the Settlement Agreement as binding upon the Parties and the Settlement Class Members, dismissing the Action with prejudice, and setting any Fee Award to Class Counsel by the Court, and the amount of any Service Awards to Plaintiffs by the Court. The Settlement Approval Order and Final Judgment will constitute a final judgment of dismissal of the Action with prejudice.

      **1.32**    **"Settlement Website"** means a website, referenced in Section 4(d) below, to be established, operated, and maintained by the Settlement Administrator for purposes of providing notice and otherwise making available to the Settlement Class Members the documents, information, and online claims submission process referenced herein.

      **1.33**    **"Unknown Claims"** means claims that could have been raised in the Action and that any or all of the Releasing Parties do not know or suspect to exist, which, if known by him or her, might affect his or her agreement to release the Released Parties or the Released Claims or might affect his or her decision to agree, object, or not to object to the Settlement. Upon the Final Settlement Approval Date, the Releasing Parties will be deemed to have, and will have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the California Civil Code, which provides as follows:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Upon the Final Settlement Approval Date, the Releasing Parties also will be deemed to have, and will have, waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, or the law of any jurisdiction outside of the United States, which is similar, comparable, or equivalent to Section 1542 of the California Civil Code.  The Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter of this release, but that it is their intention to finally and forever settle and release the Released Claims, notwithstanding any Unknown Claims they may have, as that term is defined in this paragraph.

2.    **SETTLEMENT RELIEF.**

2.1    **Payments to Settlement Class Members.**

(a)    Defendant will pay a total of $825,000.00 (USD) for payment of the following: (i) Approved Claims for monetary reimbursement or payments submitted by Settlement Class Members pursuant to Section 2.3 below; (ii) the Notice and Other Administrative Costs actually incurred by the Settlement Administrator as described in Section 4.3 below; (iii) the Fee Award, as described in Section 3.1 below; and (iv) any Service Award to the named Plaintiffs (*i.e.*, Class Representatives Meganne Natale and Chelsea Cheng), not to exceed five thousand dollars ($5,000.00) (USD) each, as may be ordered by the Court and as described in Section 3.3 below.

2.2    **Schedule of Payments into Settlement Fund.**  Defendant will make payments in accordance with the following schedule:

(a)    *Notice and Other Administrative Costs*.  Amounts for the Notice and Other Administrative Costs, to be paid within thirty (30) days of when such amounts are invoiced to Defendant and become due and owing from the Settlement Fund.

(b)    *Fee Award*.  An amount equal to the Fee Award as ordered by the Court, to be paid as described at Section 3.1, below.

(c)    *Service Awards*.  An amount equal to Plaintiffs' Service Awards as ordered by the Court, to be paid as described at Section 3.3, below.

(d)    *Payment of Valid Approved Claims.*  An amount not to exceed $825,000.00 (USD), less the sum of (i) the payments for Notice and Other Administrative Costs, (ii) the Fee Award paid by Defendant, and (iii) any Service Awards paid by Defendant, which amount is to be paid thirty (30) days after the Claims Deadline or the Final Settlement Approval Date, whichever is later.

2.3    **Claims Process.**  Each Settlement Class Member will be entitled to submit a Claim Form for payment, consistent with this paragraph and as determined by the Court.

(a)    *Payment.*  Each Settlement Class Member with proof of purchase may submit a claim for a refund of $2.00 for each Certified Compostable Poop Bag purchased during the Class Period.  Each Settlement Class Member with no proof of purchase may submit a claim for a refund of $2.00, for each Certified Compostable Poop Bag purchased during the Class Period, for up to three (3) Certified Compostable Poop Bags.

(b)    *Method of Payment*.  Each Settlement Class Member may choose to receive his or her payment via check, electronic monetary transfer or monetary payment card depending on the Settlement Class Member preference and Settlement Administrator's procedures.  Payment by check will be the default payment method in the event that a Settlement Class Member does not state a preferred method of payment.

     **(c)**   *Payment from Fund.*  Payments for Approved Claims will be paid thirty (30) days after the Claims Deadline or the Final Settlement Approval Date, whichever is later, from the Settlement Fund.

     **(d)**   *Pro Rata Adjustment*.  In the event that the Settlement Class Member claims exceed the available Settlement Fund after reduction for Notice and Other Administration Costs, Service Awards, and the Fee Award, the Settlement Class Member payments shall be reduced *pro rata*.  In the event that funds remain in the Settlement Fund after reduction for Notice and Administration Costs, Service Awards, and the Fee Award, the Parties shall meet and confer regarding whether said remaining funds should be distributed to Settlement Class Members on a *pro rata* basis, and/or whether the funds should be distributed to an appropriate *cy pres* recipient.  If the Parties cannot agree on whether said remaining funds should be distributed to Settlement Class Members on a *pro rata* basis, or whether the funds should be distributed to an appropriate *cy pres* recipient, the Court shall make the decision following an opportunity for the Parties to submit their separate proposals for the Court's consideration.

     **2.4**   **Proof of Claim.**  A maximum of one claim, submitted on a single Claim Form, may be submitted by each Settlement Class Member.  A Claimant must include information in the Claim Form – completed online or in hard copy mailed to the Settlement Administrator – confirming under penalty of perjury the following: (i) each Certified Compostable Poop Bag purchased, and (ii) that the purchase(s) were made within the Settlement Class Period.

     **2.5**   **Review of Claims.**  The Settlement Administrator will be responsible for reviewing all Claim Forms to determine their validity.  The Settlement Administrator will reject any Claim Form that does not comply in any material respect with the instructions on the Claim Form or the terms of Sections 2.3 and 2.4, above, or is submitted after the Claims Deadline.

2.6     **Uncleared Checks.**  Those Settlement Class Members whose reimbursement checks are not cleared within one hundred eighty (180) days after issuance will be ineligible to receive a settlement benefit payment and Defendant will have no further obligation to make any payment pursuant to this Settlement Agreement or otherwise to such Settlement Class Members. Unpaid funds from uncleared checks will in no event revert back to Defendant.  Any unpaid funds remaining after administration of the Classwide Settlement will be donated as *cy pres* to a non-sectarian, not-for-profit organization(s) recommended by the Parties and approved by the Court.

3.      **CLASS COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF COSTS AND EXPENSES; SERVICE AWARDS.**

3.1     Class Counsel may receive, subject to Court approval, attorneys' fees not to exceed one-third (1/3) of the Settlement Fund, *i.e.*, $275,000.  Class Counsel shall seek an award of attorney's fees in an amount consistent with the law of the Circuit or District Court.  Class Counsel may also seek reimbursement of their costs and expenses incurred on behalf of Plaintiffs and the Settlement Class.  Such attorneys' fees, costs, and expenses, if approved by the Court, shall be payable within 10 days following the Court's final order approving the Settlement and Fee Award, subject to Class Counsel providing a stipulated undertaking.  Defendant reserves the right to oppose Plaintiffs' motion or request for an award of attorneys' fees and/or costs on any ground available to Defendant.

3.2     The Fee Award will be payable by Defendant within ten (10) days after entry of the Court's Settlement Approval Order and Final Judgment, subject to Class Counsel executing the Undertaking Regarding Attorneys' Fees and Costs (the "Undertaking") attached hereto as Exhibit D, and providing all payment routing information and Tax I.D. numbers for Bursor & Fisher, P.A.  Payment of the Fee Award will be made by wire transfer to Bursor & Fisher, P.A. from the Settlement Fund in accordance with wire instructions to be provided by Bursor &

Fisher, P.A., and completion of necessary forms, including but not limited to a W-9 form for Bursor & Fisher, P.A. Notwithstanding the foregoing, if for any reason the Settlement Approval Order and Final Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, then any persons or firms who shall have received the funds shall be severally liable for payments made pursuant to this subparagraph, and shall return funds to Defendant. In addition, should any parties to the Undertaking dissolve, merge, declare bankruptcy, become insolvent, or cease to exist prior to the final payment to Class Members, those parties shall execute a new undertaking guaranteeing repayment of funds within fourteen (14) days of such an occurrence.

3.3    Subject to Court approval, the Class Representatives may be paid Service Awards by Defendant, in addition to any settlement payment as a result of an Approved Claim pursuant to this Agreement, and in recognition of their efforts on behalf of the Settlement Class, in the maximum amount of five thousand dollars ($5,000.00) (USD) each. Defendant will not object to or otherwise challenge, directly or indirectly, Class Counsel's application for the Service Awards to the Class Representatives if limited to this amount. Class Counsel, in turn, agrees to seek no more than this amount from the Court as the Service Awards for the Class Representatives. Should the Court award less than this amount, the difference in the amount sought and the amount ultimately awarded pursuant to this Paragraph shall remain in the Settlement Fund. Such Service Awards will be paid from the Settlement Fund (in the form of checks to the Class Representatives that are sent care of Class Counsel) within twenty-one (21) days after Settlement Approval Order and Final Judgment becomes final if no appeal is taken, or, if an appeal is taken, within 10 days after all appeals have expired or been exhausted in such manner as to affirm the Court's order.

4.      **NOTICE TO THE CLASS AND ADMINISTRATION OF SETTLEMENT.**

    4.1      **Class Notice.**  The Class Notice will conform to all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clauses), and any other applicable law, and will otherwise be in the manner and form approved by the Court.

    4.2      **Notice Terms.**  The Class Notice shall consist of at least the following:

    **(a)**      *Settlement Class List*.  Upon execution of this Agreement, the Parties will jointly endeavor, with the assistance of the Settlement Administrator, to compile an electronic list that includes all of the names, last known U.S. Mail addresses, and email addresses, to the extent ascertainable,  belonging to persons within the Settlement Class.  This electronic document shall be called the "Class List."  The Class List (or any contact information for Class Members) provided to the Settlement Administrator or otherwise in connection with this Action shall not be used for any other purpose than to effectuate class notice or the administration of class claims, and shall not be used for any other purpose whatsoever, including contact by any party or counsel for the purpose of solicitation or otherwise regarding other matters, potential litigation, or issues unrelated to this Action or Settlement.

    **(b)**      *Direct Notice via Email*.  No later than thirty (30) days from the entry of the Preliminary Approval Order, the Settlement Administrator will send Class Notice via email substantially in the form attached as Exhibit B, along with an electronic link to the Claim Form and Settlement Website, to all Settlement Class Members for whom a valid email address is in the Class List.  In the event transmission of the email notice results in any "bounce-backs," the Settlement Administrator will, if possible, correct any issues that may have caused the "bounce-back" to occur and make a second attempt to re-send the email notice.

(c)    *Settlement Website*.  Within fourteen (14) days from entry of the Preliminary Approval Order, notice will be provided on a website at an available settlement URL (such as, for example, www.ERCompostableSettlement.com) which will be obtained, administered, and maintained by the Settlement Administrator and will include the ability to file Claim Forms online, provided that such Claim Forms, if signed electronically, will be binding for purposes of applicable law and contain a statement to that effect.  The Class Notice provided on the Settlement Website will be substantially in the form of Exhibit C hereto.

(d)    *Online Notice*.  Within thirty-five (35) days from the entry of the Preliminary Approval Order, Class Notice will be provided by internet banner advertisements in locations to be agreed upon by the Parties, which will link to the Settlement Website, and/or social media to be agreed upon by the Parties which will link to the Settlement Website.

(e)    *CAFA Notice*.  Pursuant to 28 U.S.C. § 1715, not later than ten (10) days after the Agreement is filed with the Court, the Settlement Administrator shall cause to be served upon the Attorneys General of each U.S. State or territory in which Settlement Class members reside, the Attorney General of the United States, and other required government officials, notice of the proposed settlement as required by law, subject to Paragraph 5.1 below.

**4.3    Responsibilities of Settlement Administrator.**  The Parties will retain JND Legal Administration to help implement the terms of the proposed Settlement Agreement.  The Settlement Administrator will be responsible for administrative tasks, including, without limitation, (a) arranging, as set forth in the Notice Plan, for distribution of Class Notice (in the form approved by the Court), distribution of CAFA Notice, and Claim Forms (in a form approved by the Court) to Settlement Class Members, (b) answering inquiries from Settlement Class Members and/or forwarding such written inquiries to Class Counsel or their designee, (c) receiving and maintaining on behalf of the Court and the Parties any Settlement Class Member

correspondence regarding requests for exclusion from the settlement, (d) establishing the Settlement Website that posts notices, Claim Forms, and other related documents by the Notice Date, (e) receiving and processing claims and distributing payments to Settlement Class Members, and (f) otherwise assisting with implementation and administration of the Settlement Agreement terms.

**4.6    Performance Standards of Settlement Administrator.**  The contract with the Settlement Administrator will obligate the Settlement Administrator to abide by the following performance standards:

**(a)**    The Settlement Administrator will accurately, objectively, and neutrally describe, and will train and instruct its employees and agents to accurately, objectively, and neutrally describe, the provisions of this Agreement in communications with Settlement Class Members;

**(b)**    The Settlement Administrator will provide prompt, accurate, and objective responses to inquiries from Class Counsel and Defendant's Counsel and will periodically report on claims, objectors, and the like.

**(c)**    The Settlement Administrator will seek clarification, instruction, or authorization for performance of its duties and expenditure or disposition of payments from Class Counsel and Defendant's Counsel.

**5.    CLASS SETTLEMENT PROCEDURES.**

**5.1    Exclusions and Objections.**  The Class Notice will advise all Settlement Class Members of their rights to be excluded from the Settlement or to object to the Settlement.

**(a)**    Any person who falls within the definition of the Settlement Class but wishes to be excluded from the Settlement may do so by timely mailing a valid request for exclusion from the Settlement Class, as described in the Class Notice.  Any person who is

excluded from the Settlement will not be bound by this Settlement Agreement, will not be eligible to make a claim for any benefit under the terms of this Settlement Agreement, and will not be permitted to object to the Settlement or to intervene in the Action.  At least seven (7) calendar days before the Final Approval Hearing, Class Counsel will prepare or cause the Settlement Administrator to prepare a list of the persons who have excluded themselves in a valid and timely manner from the Settlement Class, and Class Counsel will file that list with the Court.

     **(b)**    Any person who is a Settlement Class Member and who wishes to object to this Agreement must timely serve a written objection on Defendant's Counsel and Class Counsel by the date specified in the Class Notice.  The objection must contain a caption or title that identifies it as "Objection to Class Settlement in *Natale et al. v. 9199-4467 Quebec Inc. d/b/a Earth Rated*," contact and address information for the objecting Settlement Class Member, documents sufficient to establish the person's standing as a Settlement Class Member (either verification under oath of the date and location of a purchase of the subject Certified Compostable Poop Bags within the Settlement Class Period or a receipt reflecting such purchase), the facts supporting the objection, the legal grounds on which the objection is based, including all citations to legal authority and evidence supporting the objection, and the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys").  If an objecting person chooses to appear at the Final Approval Hearing, a notice of intention to appear must be filed with the Court no later than the Objection/Exclusion Deadline.

     **(c)**    If a Settlement Class Member who is objecting to the Settlement Agreement or any of the Objecting Attorneys has objected to any class action settlement where

the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection, or any related appeal, without any modification to the settlement, then the objection must include a statement identifying each such case by full case caption and amount of payment received.

5.2    **Stay of the Action.**  The Parties will request that the Court, in connection with Preliminary Approval Order, issue an immediate stay of the Action.

5.3    **Effect If Settlement Not Approved.**  This Settlement Agreement was entered into only for purposes of settlement, subject to and without waiver of the Parties' respective rights.  If the Court does not enter the Preliminary Approval Order or does not enter the Settlement Approval Order and Final Judgment, or if the Final Settlement Approval Date does not occur, Class Counsel and Defendant's Counsel will endeavor, consistent with the Settlement Agreement, to cure any defect identified by the Court; provided, however, that Defendant will not be obligated to accept such cure if it increases the cost or burden of the Settlement Agreement to Defendant or any of the other Released Parties.  If the Settlement Agreement is terminated for any reason, the Settlement Approval Order and Final Judgment is not entered by the Court, or the Final Settlement Approval Date does not occur, then no term or condition of the Settlement Agreement, or any draft thereof, or any discussion, negotiation, documentation, or other part or aspect of the Parties' settlement discussions, shall have any effect, nor shall any such matter be admissible in evidence for any purpose in the Action, or in any other proceeding, and the Parties will be restored to their respective positions immediately preceding execution of this Settlement Agreement.  If the Settlement Approval Order and Final Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement Agreement is voided, rescinded, or otherwise terminated for any other reason, then within thirty (30) days, Class Counsel will return to Defendant all Fee Awards and other payments received

by Class Counsel under the Settlement Agreement, as set forth in Section 3.2 above. The Parties agree that all drafts, discussions, negotiations, documentation, or other information prepared in relation to the Settlement Agreement and the Parties' settlement discussions shall be treated as strictly confidential and may not be disclosed to any person other than the Parties' counsel, and only for purposes of the Action. Defendant's rights with respect to class certification expressly are reserved and preserved.

      **5.4**    **Execution.** The Settlement Agreement will have no effect unless and until this Settlement Agreement is fully executed by all Parties.

**6.**    **RELEASE.**

      **6.1**    **Release by Settlement Class Members.** Effective as of the Final Settlement Approval Date, each and all of the Settlement Class Members will release and forever discharge and will be forever barred from asserting, instituting, or maintaining against any or all of the Released Parties, from any and all causes of action, suits, claims, liens, demands, judgments, costs, damages, obligations, attorneys' fees (except as provided for in the Class Settlement), and all other legal responsibilities in any form or nature, including but not limited to all claims relating to or arising out of state, local, or federal statute, ordinance, regulation, or claim at common law or in equity, whether past, present, or future, known or unknown, asserted or unasserted, arising out of or in any way related to compostability of the Earth Rated's Certified Compostable Poop Bags, or related to claims or statements relating thereto, during the Class Period, as alleged in or arising from the operative complaint on file in this Action. This release expressly does not extend to personal injury claims regarding the Certified Compostable Poop Bags.

**6.2    Effectuation of Settlement.**  None of the above releases includes releases of claims to enforce the terms of the Settlement Agreement or affects the rights granted by the Settlement Agreement.

**6.3    No Admission of Liability.**  This Settlement Agreement reflects, among other things, the compromise and settlement of disputed claims among the Parties, and neither this Settlement Agreement nor the releases given herein, nor any consideration therefor, nor any actions taken to carry out this Settlement Agreement, are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or the validity of any claim, defense, or of any point of fact or law on the part of any party.  Defendant denies the material allegations of the complaint filed in this Action.  Neither this Settlement Agreement, nor the fact of settlement, nor the settlement proceedings, nor the settlement negotiations, nor any related document, will be used as an admission of any fault or omission by any or all of the Released Parties (including Defendant), or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing or liability by any or all of the Released Parties (including Defendant) in any proceeding, other than such proceedings as may be necessary to consummate, interpret, or enforce this Settlement Agreement.

**7.    PRELIMINARY APPROVAL ORDER AND SETTLEMENT APPROVAL ORDER AND FINAL JUDGMENT.**

**7.1**    Promptly after the execution of this Settlement Agreement, Class Counsel will submit this Agreement together with its exhibits to the Court and will move the Court for Preliminary Approval of the Settlement set forth in this Agreement; certification of the Settlement Class for settlement purposes only; appointment of Class Counsel and the Class Representatives; and entry of a Preliminary Approval Order, which order will set a Final Approval Hearing date and approve the Notice Plan.  The Preliminary Approval Order will also authorize the Parties, without further approval from the Court, to agree to and adopt such

amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Settlement Agreement and do not limit or impair the rights of the Settlement Class, or expand the obligations of Defendant without Defendant's written consent.

7.2     At the time of the submission of this Agreement to the Court as described above, Class Counsel will request that, after notice is given, the Court hold a Final Approval Hearing and approve the Settlement of the Action as set forth herein.

7.3     After Class Notice is given, and at or before the Final Approval Hearing, the Class Representatives will request and seek to obtain from the Court a Settlement Approval Order and Final Judgment, which will (among other things):

(a)     approve the Settlement Agreement and the proposed Settlement as fair, reasonable, and adequate as to, and in the best interests of, the Settlement Class Members; direct the Parties and their counsel to implement and consummate the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have *res judicata* and preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and Releasing Parties;

(b)     find that the Notice Plan implemented pursuant to the Agreement (1) constituted the best practicable notice under the circumstances; (2) constituted notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Agreement, and to appear at the Final Approval Hearing; (3) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to receive notice; and (4) met all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clauses of the United States Constitutions, and the local rules of the Court;

(c) find that the Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

(d) dismiss the Action (including all individual claims and Settlement Class Claims presented thereby) on the merits and with prejudice, without fees or costs to any party except as provided in the Settlement Agreement;

(e) incorporate the Release set forth above in Section 6, make the Release effective as of the Final Settlement Approval Date, and forever discharge the Released Parties as set forth herein;

(f) permanently bar and enjoin all Releasing Parties from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any lawsuit or other action in any jurisdiction based on the Released Claims;

(g) without affecting the finality of the Settlement Approval Order and Final Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Settlement Approval Order and Final Judgment, and for any other necessary purpose; and

(h) incorporate any other provisions as the Court deems necessary and just.

## 8. MISCELLANEOUS PROVISIONS.

8.1 **Change of Time Periods.** The time periods and/or dates described in this Settlement Agreement with respect to the giving of notice and hearings are subject to approval and change by the Court or by the written agreement of Class Counsel and Defendant's Counsel, without notice to Settlement Class Members.  The Parties reserve the right, by agreement and subject to the Court's approval, to grant any reasonable extension of time that might be needed to carry out any of the provisions of this Settlement Agreement.

**8.2    Time for Compliance.**  If the date for performance of any act required by or under this Settlement Agreement falls on a Saturday, Sunday, or court holiday, that act may be performed on the next business day with the same effect as if it had been performed on the day or within the period of time specified by or under this Settlement Agreement.

**8.3    Governing Law.**  This Settlement Agreement will be governed by the laws of the State of New York.

**8.4    Entire Agreement.**  The terms and conditions set forth in this Settlement Agreement constitute the complete and exclusive statement of the agreement between the Parties relating to the subject matter of this Settlement Agreement, superseding all previous negotiations and understandings, and may not be contradicted by evidence of any prior or contemporaneous agreement.  The Parties further intend that this Settlement Agreement constitutes the complete and exclusive statement of its terms as between the Parties, and that no extrinsic evidence whatsoever may be introduced in any agency or judicial proceeding, if any, involving this Settlement Agreement.  Any modification of the Settlement Agreement must be in writing signed by Class Counsel and Defendant's Counsel.

**8.5    Advice of Counsel.**  The determination of the terms and the drafting of this Settlement Agreement have been by mutual agreement after negotiation, with consideration by and participation of all Parties and their counsel.

**8.6    Binding Agreement.**  This Settlement Agreement will be binding upon and inure to the benefit of the respective heirs, successors, and assigns of the Parties, the Settlement Class Members and other Released Parties.

**8.7    No Waiver.**  The waiver by any party of any provision or breach of this Settlement Agreement will not be deemed a waiver of any other provision or breach of this Settlement Agreement.

**8.8    Execution in Counterparts.**  This Settlement Agreement will become effective upon its execution by all of the undersigned.  The Parties may execute this Settlement Agreement in counterparts, and execution of counterparts will have the same force and effect as if all Parties had signed the same instrument.  The Parties further agree that signatures provided by portable document format (PDF) or other electronic transmission will have the same force and effect as original signatures.

**8.9    Enforcement of this Settlement Agreement.**  The Court will retain jurisdiction, and will have exclusive jurisdiction, to enforce, interpret, and implement this Settlement Agreement and the terms of any order entered pursuant to this Settlement Agreement.

**8.10    Notices.**  All notices to the Parties or counsel required by this Settlement Agreement will be made in writing and communicated by email and mail to the following addresses:  (For Plaintiffs) L. Timothy Fisher, Bursor & Fisher, P.A., 1990 North California Blvd., Suite 940, Walnut Creek, CA 94596, ltfisher@bursor.com; (For Defendant) Jahmy S. Graham, Nelson Mullins Riley & Scarborough, LLP, 19191 South Vermont Avenue, Suite 900, Torrance, CA 90502, jahmy.graham@nelsonmullins.com.

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _03/13/2024_

**MEGANNE NATALE**

By: _Meganne Natale_
Meganne Natale (Mar 13, 2024 23:59 EDT)
Individually and as representative of the Class

Dated: _03/13/2024_

**CHELSEA CHENG**

By: _Chelsea Cheng_
Chelsea Cheng (Mar 13, 2024 18:41 EDT)
Individually and as representative of the Class

Dated: _____

**9199-4467 QUEBEC INC. D/B/A EARTH RATED**

By:_____

Name: _____

Title: _____

**IT IS SO AGREED TO BY THE PARTIES**:

Dated: _____

**MEGANNE NATALE**

By:_____
Individually and as representative of the Class

Dated: _____

**CHELSEA CHENG**

By:_____
Individually and as representative of the Class

Dated: _3/13/24_

**9199-4467 QUEBEC INC. D/B/A EARTH RATED**

By:_____

Name: _Abby Gnanendran_

Title: _CEO_

**IT IS SO STIPULATED BY COUNSEL:**

Dated: 03/13/2024 _____

**BURSOR & FISHER, P.A.**

By: _____
L. Timothy Fisher (Mar 13, 2024 16:38 PDT)

L. Timothy Fisher
ltfisher@bursor.com
Brittany S. Scott
bscott@bursor.com
BURSOR & FISHER, PA
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Tel:  (925) 300-4455

Max S. Roberts
mroberts@bursor.com
BURSOR & FISHER, PA
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel:  (646) 837-7150

*Attorneys for Plaintiffs and the Settlement Class*

Dated: _____

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By:_____

Jahmy S. Graham
NELSON MULLINS RILEY
& SCARBOROUGH, LLP
jahmy.graham@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Tel: (424) 221-7426

*Attorneys for Defendant 9199-4467
Quebec Inc. d/b/a Earth Rated*

**IT IS SO STIPULATED BY COUNSEL:**

Dated: _____

**BURSOR & FISHER, P.A.**


By: _____

L. Timothy Fisher
ltfisher@bursor.com
Brittany S. Scott
bscott@bursor.com
BURSOR & FISHER, PA
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Tel: (925) 300-4455

Max S. Roberts
mroberts@bursor.com
BURSOR & FISHER, PA
1330 Avenue of the Americas, 32nd Floor
New York, NY 10019
Tel: (646) 837-7150

*Attorneys for Plaintiffs and the Settlement Class*

Dated: 3/13/24

**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

By: _____

Jahmy S. Graham
NELSON MULLINS RILEY
& SCARBOROUGH, LLP
jahmy.graham@nelsonmullins.com
19191 South Vermont Avenue, Suite 900
Torrance, CA 90502
Tel: (424) 221-7426

*Attorneys for Defendant 9199-4467*
*Quebec Inc. d/b/a Earth Rated*

**EXHIBIT A**

## Natale et al. v. 9199-4467 Quebec Inc. d/b/a Earth Rated

In the United States District Court Eastern District of New York

Case No. 2:21-cv-6775

## Settlement Claim Form

---

**If you are a Settlement Class Member and wish to receive a payment, your completed Claim Form must be postmarked on or before [＿＿＿＿＿＿＿], or submitted online at www.ERCompostableSettlement.com, on or before [＿＿＿＿＿＿＿].**

---

Please read the full notice of this settlement (available at **www.ERCompostableSettlement.com**) carefully before filling out this Claim Form.

To be eligible to receive any benefits from the settlement obtained in this class action lawsuit, you must submit this completed Claim Form online or by mail:

**ONLINE:**    Visit **www.ERCompostableSettlement.com** and submit your claim online.

**MAIL**:    [ADDRESS]

---

## PART ONE:  CLAIMANT INFORMATION

Provide your name and contact information below. It is your responsibility to notify the Settlement Administrator of any changes to your contact information after the submission of your Claim Form.

| | |
|---|---|
| **FIRST NAME** | **LAST NAME** |

**STREET ADDRESS**

| | | |
|---|---|---|
| **CITY** | **STATE** | **ZIP CODE** |

**EMAIL ADDRESS**

---

## PART TWO:  PURCHASE INFORMATION

To qualify for a payment, you must have purchased one or more units of Earth Rated Certified Compostable Poop Bags (the "Certified Compostable Poop Bags") from October 28, 2015 through [Notice Date].

## EARTH RATED PRODUCT INFORMATION

Check here if you purchased one or more units of Certified Compostable Poop Bags between October 28, 2015, and [**Notice Date**]:

Check here if you are enclosing proof of purchase documentation with this claim form:

QUESTIONS? VISIT WWW.ERCOMPOSTABLESETTLEMENT.COM OR CALL [NUMBER] TOLL-FREE

## NUMBER OF CERTIFIED COMPOSTABLE POOP BAGS PURCHASED

State the total number of Certified Compostable Poop Bags you purchased.  **If you are not submitting proof of purchase, you may not claim more than three (3) Certified Compostable Poop Bags**:

_____

**POTENTIAL PAYMENT\*:** You may be entitled to receive a payment of $2.00 per Certified Compostable Poop Bags purchased, up to a maximum of three (3) Certified Compostable Poop Bags if you purchased one or more units of Certified Compostable Poop Bags between October 28, 2015, and **[Notice Date]**, **without Proof of Purchase**.  You may receive a payment of $2.00 per Certified Compostable Poop Bag purchased**, subject to no cap,** if you **submit proofs of purchase**, such as receipts, establishing each purchase during the Settlement Class Period.  Packaging, including bar codes or UPCs, shall constitute Proof of Purchase only if the products you claimed to have purchased can be identified from the packaging submitted.\*\*

The payment will be sent in the form of a check, unless otherwise indicated.  If you would like payment in a different form, please select from the options below:

Check                ☐

Virtual Debit Card    ☐    Email Address: _____

**\* The payments set out herein represent the maximum that you can receive under the settlement.  The actual amount paid may be reduced depending on the aggregate total of claims submitted by all class members.**
**\*\*Failure to include proof of purchase will result in the claim being reduced to $2.00 per product, up to $6.00.  Submission of false or fraudulent information may result in the claim being rejected in its entirety.**

---

**PART THREE: ATTESTATION UNDER PENALTY OF PERJURY**

---

I declare under penalty of perjury under the laws of the United States of America that I purchased one or more units of Certified Compostable Poop Bags between October 28, 2015, and **[Notice Date],** and that all of the information on this Claim Form is true and correct to the best of my knowledge.  I understand that my Claim Form may be subject to audit, verification, and Court review.

| | |
|---|---|
| **SIGNATURE** | **DATE** |

**Please keep a copy of your Claim Form for your records.**

**EXHIBIT B**

From:

To:    JonQClassMember@domain.com

Re:    Legal Notice of Class Action Settlement

## NOTICE OF PROPOSED CLASS ACTION SETTLEMENT

*Natale et al. v. 9199-4467 Quebec Inc. d/b/a Earth Rated*, Case No. 2:21-cv-6775

(In the United States District Court Eastern District of New York)

This notice is to inform you of the settlement of a class action lawsuit with 9199-4467 Quebec Inc. d/b/a Earth Rated ("Earth Rated"), the "Defendant" in this case.  Plaintiffs Meganne Natale and Chelsea Cheng (collectively, the "Class Representatives") allege that they were misled into believing that Earth Rated Certified Compostable Poop Bags (the "Certified Compostable Poop Bags") were "compostable." Earth Rated claims these particular products are compostable. Thus, Earth Rated denies all allegations of wrongdoing, and the Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

**Am I a Class Member?**  Yes. Our records indicate you are a Settlement Class Member. Class Members are persons who purchased one or more units of Certified Compostable Poop Bags from October 28, 2015 to [the Notice Date].

**What Can I Get?** You **must** submit a Claim Form (see instructions below) to receive a share of the Settlement Fund.  **If you submit a Claim Form without proof of purchase, you will receive a payment of $2.00 per Certified Compostable Poop Bag purchased, up to $6.00.  If you submit a Claim Form with proof of purchase, you will receive a payment of $2.00 per Certified Compostable Poop Bag purchased, subject to no cap.**  These payments may be subject to *pro rata* adjustment depending on the number of valid claims that are filed.  A Settlement Fund of $825,000.00 will be established to pay all approved claims to the Settlement Class, together with notice and administration expenses, approved attorneys' fees and costs to Class Counsel, and Service Awards to the Class Representatives.

**How Do I Get a Payment?** You **must** complete and submit a Claim Form to receive a payment from the Settlement Fund.  You may submit a Claim Form either electronically on the Settlement Website by clicking here [insert hyperlink], or by printing and mailing in a paper Claim Form, copies of which are available for download here [insert hyperlink].  Claim Forms must be submitted online by 11:59 p.m. EST on [date] or postmarked and mailed by [date].

**What are My Other Options?** You may exclude yourself from the Settlement Class by sending a letter to the settlement administrator no later than [objection/exclusion deadline].  If you exclude yourself, you cannot get a settlement payment, but you keep any rights you may have to sue Earth Rated over the legal issues in the lawsuit.  You and/or your lawyer have the right to appear before the Court and/or object to the proposed settlement.  Your written objection must be filed no later than [objection/exclusion deadline]. Specific instructions about how to object to, or exclude yourself from, the Settlement are available at www.ERCompostableSettlement.com.  If you do nothing, and the Court approves the Settlement, you will be bound by all of the Court's orders and judgments. In addition, your claims against Earth Rated and others will be released.

**Who Represents Me?** The Court has appointed Bursor & Fisher, P.A. to represent the class. These attorneys are called Class Counsel.  You will not be charged for or by these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

**When Will the Court Consider the Proposed Settlement?** The Court will hold the Final Approval Hearing at [time] on [date] at the Alfonse M. D'Amato Federal Building, 100 Federal Plaza, Courtroom 1030, Central Islip, New York 11722.  At that hearing, the Court will: hear any objections concerning the fairness of the settlement; determine the fairness of the settlement; decide whether to approve Class Counsel's request for attorneys' fees and costs; and decide whether to award the Class Representatives $5,000 each from the Settlement Fund for their services in helping to bring and settle this case. Earth Rated has agreed that Class Counsel may be paid reasonable attorneys' fees from the Settlement Fund in an amount to be determined by the Court.  Class Counsel may seek no more than one-third (1/3) of the Settlement Fund, but the Court may award less than this amount.

**How Do I Get More Information?** For more information, including a more detailed Class Notice, a copy of the Settlement Agreement and other documents, go to www.ERCompostableSettlement.com, contact the settlement administrator by calling (800) 000-000 or by writing to Earth Rated Settlement Administrator, [address], or contact Class Counsel by calling (925) 300-4455.

**EXHIBIT C**

### United States District Court Eastern District of New York
*Natale et al. v. 9199-4467 Quebec Inc. d/b/a Earth Rated*, Case No. 2:21-cv-6775

IF YOU PURCHASED ONE OR MORE UNITS OF EARTH RATED CERTIFIED COMPOSTABLE POOP BAGS BETWEEN OCTOBER 28, 2015 AND [NOTICE DATE], YOU MAY BE ENTITLED TO A PAYMENT FROM A CLASS ACTION SETTLEMENT.

*A court authorized this notice. You are not being sued. This is not a solicitation from a lawyer.*

- A settlement has been reached in a class action lawsuit against 9199-4467 Quebec Inc. d/b/a Earth Rated ("Earth Rated"). Plaintiffs Meganne Natale and Chelsea Cheng (collectively, the "Class Representatives") allege that they were misled into believing that Earth Rated Certified Compostable Poop Bags (the "Certified Compostable Poop Bags") were "compostable." Earth Rated claims these particular products are compostable. Thus, Earth Rated denies all allegations of wrongdoing, and the Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

- You are included if you purchased one or more units of Certified Compostable Poop Bags between October 28, 2015, and [NOTICE DATE].

- Those included in the settlement will be eligible to receive a payment from the Settlement Fund of $2.00 per Certified Compostable Poop Bag purchased, up to $6.00 for those Class Members without proof of purchase, and $2.00 per Certified Compostable Poop Bag purchased, subject to no cap for those with proof of purchase.

- Read this notice carefully. Your legal rights are affected whether you act, or don't act.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **FILE A CLAIM BY [CLAIMS DEADLINE]** | The **only** way to receive a payment. By participating in the settlement, you will be bound by the terms of the Settlement Agreement and will give up certain rights. |
| **EXCLUDE YOURSELF BY [EXCLUSION DEADLINE]** | You will receive no benefits, but you will retain any rights you currently have to sue the Defendant about the claims in this case. |
| **OBJECT BY [OBJECTION DEADLINE[** | Write to the Court explaining why you don't like the settlement. |
| **GO TO THE FINAL APPROVAL HEARING ON [DATE]** | Ask to speak in Court about your opinion of the settlement. |
| **DO NOTHING** | You **will not** get a share of the settlement benefits and will give up your rights to sue Defendant about the issues in this case. |

These rights and options—**and the deadlines to exercise them**—are explained in this Notice.

QUESTIONS? CALL (800) 000-0000 TOLL FREE, OR VISIT WWW.ERCOMPOSTABLESETTLEMENT.COM

## BASIC INFORMATION

### 1.  Why was this Notice issued?

A Court authorized this notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your options, before the Court decides whether to give final approval to the settlement. This Notice explains the lawsuit, the settlement, and your legal rights.

The Honorable Joanna Seybert of the United States District Court Eastern District of New York, is overseeing this case. The case is called *Natale et al. v. 9199-4467 Quebec Inc. d/b/a Earth Rated*, Case No. 2:21-cv-6775. The people who sued are called the Plaintiffs. The Defendant is 9199-4467 Quebec Inc. d/b/a Earth Rated.

### 2. What is a class action?

In a class action, one or more people called class representatives (in this case, Meganne Natale and Chelsea Cheng) sue on behalf of a group or a "class" of people who have similar claims. In a class action, the court resolves the issues for all class members, except for those who exclude themselves from the Settlement Class.

### 3. What is this lawsuit about?

In this lawsuit, Plaintiffs Meganne Natale and Chelsea Cheng (collectively, the "Class Representatives") allege that they were misled into believing the Certified Compostable Poop Bags were "compostable." Earth Rated claims that its products are compostable and were properly labeled. Thus, Earth Rated denies all allegations of wrongdoing, and the Court has not determined who is right. Rather, the Parties have agreed to settle the lawsuit to avoid the uncertainties and expenses associated with ongoing litigation.

### 4. Why is there a settlement?

The Court has not decided whether the Plaintiffs or the Defendant should win this case. Instead, both sides agreed to a settlement. That way, they avoid the uncertainties and expenses associated with ongoing litigation, and Settlement Class Members will get compensation sooner rather than, if at all, after the completion of a trial.

## WHO IS INCLUDED IN THE SETTLEMENT?

**5. How do I know if I am in the Settlement Class?**

The Court decided that everyone who fits the following description is a member of the **Settlement Class**:

All persons in the United States who purchased one or more units of Earth Rated Certified Compostable Poop Bags (the "Certified Compostable Poop Bags") during the class period which extends from October 28, 2015 to [the Notice Date], excluding persons who purchased for the purpose of resale or for purposes other than personal use.

## THE SETTLEMENT BENEFITS

**6. What does the settlement provide?**

*Monetary Relief*:  If approved, a Settlement Fund will be created totaling $825,000.00 Settlement Class Member payments, and the cost to administer the settlement, the cost to inform people about the settlement, attorneys' fees, costs and expenses, and awards to the Class Representatives will also come out of this fund (*see* Question 12).

A detailed description of the settlement benefits can be found in the Settlement Agreement, a copy of which is accessible on the Settlement Website by clicking here.

**7. How much will my payment be?**

You **must** submit a Claim Form (see instructions below) to receive a share of the Settlement Fund.  **If you submit a Claim Form without proof of purchase, you will receive a payment of $2.00 per Certified Compostable Poop Bag purchased, up to $6.00.  If you submit a Claim Form with proof of purchase, you will receive a payment of $2.00 per Certified Compostable Poop Bag purchased, subject to no cap**.  Those awards may be subject to *pro rata* adjustment depending on the number of valid claims that are filed.

**8. When will I get my payment?**

The hearing to consider the fairness of the settlement is scheduled for [Final Approval Hearing Date].  If the Court approves the settlement, eligible Class Members will receive their payment 30 days after the settlement has been finally approved and/or after any appeals process is complete.  The payment will be made in the form of a check (unless an emailed virtual debit card is selected), and all checks will expire and become void 180 days after they are issued.

## HOW TO GET BENEFITS

### 9. How do I get a payment?

You **must** complete and submit a Claim Form to receive a payment from the Settlement Fund.  You may submit a Claim Form either electronically on the Settlement Website by clicking here, or by printing and mailing in a paper Claim Form, copies of which are available for download here.  Claim Forms must be submitted online by 11:59 p.m. CT on [date] or postmarked and mailed by [date].

## REMAINING IN THE SETTLEMENT

### 10. What am I giving up if I stay in the Class?

If the settlement becomes final, you will give up your right to sue the Defendant and other Released Parties for the claims being resolved by this settlement.  The specific claims you are giving up against the Defendant are described in the Settlement Agreement.  You will be "releasing" the Defendant and certain of its affiliates, employees, distributors, retailers, representatives, and others as described in Section 1.24 of the Settlement Agreement.  Unless you exclude yourself (*see* Question 13), you are "releasing" the claims, regardless of whether you submit a claim or not.  The Settlement Agreement is available through the Settlement Website by clicking here.

The Settlement Agreement describes the released claims with specific descriptions, so read it carefully.  If you have any questions you can talk to the lawyers listed in Question 11 for free or you can, of course, talk to your own lawyer if you have questions about what this means.

## THE LAWYERS REPRESENTING YOU

### 11. Do I have a lawyer in the case?

The Court has appointed Bursor & Fisher, P.A. to be the attorneys representing the Settlement Class.  They are called "Class Counsel."  They believe, after conducting an extensive investigation, that the Settlement Agreement is fair, reasonable, and in the best interests of the Settlement Class.  You will not be charged for or by these lawyers. If you want to be represented by your own lawyer in this case, you may hire one at your expense.

### 12. How will the lawyers be paid?

The Defendant has agreed that Class Counsel attorneys' fees and costs may be paid out of the Settlement Fund in an amount to be determined by the Court.  The fee petition will seek no more than one-third (1/3) of the Settlement Fund in attorneys' fees as well

as reimbursement of Class Counsel's costs and expenses incurred on behalf of Plaintiffs and the Class. The Court may award less than this amount.

Subject to approval by the Court, Defendant has also agreed that the Class Representatives may be paid a Service Award of $5,000 each from the Settlement Fund for their services in helping to bring and resolve this case.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

**13. How do I get out of the settlement?**

To exclude yourself from the settlement, you must submit a request for exclusion by 11:59 p.m. EST on [objection/exclusion deadline]. Requests for exclusion may be submitted either on the Settlement Website (via the online form accessible here or by mailing or otherwise deliver a letter (or request for exclusion) stating that you want to be excluded from the *Natale et al. v. 9199-4467 Quebec Inc. d/b/a Earth Rated,* Case No. 2:21-cv-6775 settlement. Your letter or request for exclusion must also include your name, your address, that you purchased Certified Compostable Poop Bags from October 28, 2015 to [Notice Date], your signature, the name and number of this case, and a statement that you wish to be excluded. If you choose to submit a request for exclusion by mail, you must mail or deliver your exclusion request, postmarked no later than [objection/exclusion deadline], to the following address:

Earth Rated Compostable Settlement
c/o JND Legal Administration
P.O Box 0000
Seattle, WA 98111

**14. If I don't exclude myself, can I sue the Defendant for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue the Defendant for the claims being resolved by this settlement.

**15. If I exclude myself, can I get anything from this settlement?**

No. If you exclude yourself, you will not receive a payment from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

**16. How do I object to the settlement?**

If you are a Class Member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve it. The Court will consider your views. To object, you must file with the Court a letter or brief stating

that you object to the settlement in *Natale et al. v. 9199-4467 Quebec Inc. d/b/a Earth Rated*, Case No. 2:21-cv-6775 and identify all your reasons for your objections (including citations to relevant laws and supporting evidence) and attach any materials you rely on for your objections. Your letter or brief must also include your name, your address, the basis upon which you claim to be a Class Member (either verification under oath of the date and location of a purchase of Certified Compostable Poop Bags within the Settlement Class Period or a receipt reflecting such purchase), the name and contact information of any and all attorneys representing, advising, or in any way assisting you in connection with your objection, and your signature. If you, or an attorney assisting you with your objection, have ever objected to any class action settlement where you or the objecting attorney has asked for or received payment in exchange for dismissal of the objection (or any related appeal) without modification to the settlement, you must include a statement in your objection identifying each such case by full case caption. You must also mail or deliver a copy of your letter or brief to Class Counsel and Defendant's Counsel listed below.

Class Counsel will file with the Court and post on this website its request for attorneys' fees by [two weeks prior to objection deadline].

If you want to appear and speak at the Final Approval Hearing to object to the settlement, with or without a lawyer (explained below in answer to Question Number 20), you must say so in your letter or brief. File the objection with the Court (or mail the objection to the Court) and mail a copy of the objection to Class Counsel and Defendant's Counsel, at the addresses below, postmarked no later than **[objection deadline].**

| Court | Class Counsel | Defendant's Counsel |
|---|---|---|
| The Honorable Joanna Seybert Alfonse M. D'Amato Federal Building, 100 Federal Plaza, Courtroom 1030 Central Islip, New York 11722 | L. Timothy Fisher Bursor & Fisher P.A. 1990 North California Blvd., Ste 940 Walnut Creek, CA 94596 | Jahmy S. Graham Nelson Mullins Riley & Scarborough, LLP 19191 South Vermont Ave., Suite 900 Torrance, CA 90502 |

**17. What's the difference between objecting and excluding myself from the settlement?**

Objecting simply means telling the Court that you don't like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Class is telling the Court that you don't want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

### THE COURT'S FINAL APPROVAL HEARING

**18. When and where will the Court decide whether to approve the settlement?**

The Court will hold the Final Approval Hearing at [time] on [date] at the Alfonse M. D'Amato Federal Building, 100 Federal Plaza, Courtroom 1030, Central Islip, New York 11722. The purpose of the hearing will be for the Court to determine whether to approve the settlement as fair, reasonable, adequate, and in the best interests of the Settlement Class; to consider the Class Counsel's request for attorneys' fees and expenses; and to consider the request for Service Awards to the Class Representatives. At that hearing, the Court will be available to hear any objections and arguments concerning the fairness of the settlement.

The hearing may be postponed to a different date or time without notice, so it is a good idea to check for updates by visiting the Settlement Website at www.ERCompostableSettlement.com or calling (800) 000-0000. If, however, you timely objected to the settlement and advised the Court that you intend to appear and speak at the Final Approval Hearing, you will receive notice of any change in the date of the Final Approval Hearing.

**19. Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. But, you are welcome to come at your own expense. If you send an objection or comment, you don't have to come to Court to talk about it. As long as you filed and mailed your written objection on time, the Court will consider it. You may also pay another lawyer to attend, but it is not required.

**20. May I speak at the hearing?**

Yes. You may ask the Court for permission to speak at the Final Approval Hearing. To do so, you must include in your letter or brief objecting to the settlement a statement saying that it is your "Notice of Intent to Appear *Natale et al. v. 9199-4467 Quebec Inc. d/b/a Earth Rated*, Case No. 2:21-cv-6775." It must include your name, address, telephone number and signature as well as the name and address of your lawyer, if one is appearing for you. Your objection and notice of intent to appear must be filed with the Court and postmarked no later than [**objection deadline**], and be sent to the addresses listed in Question 16.

## GETTING MORE INFORMATION

**21. Where do I get more information?**

This Notice summarizes the settlement. More details are in the Settlement Agreement. You can get a copy of the Settlement Agreement at www.ERCompostableSettlement.com. You may also write with questions to Earth Rated Compostable Settlement, c/o JND Legal Administration, P.O.

QUESTIONS? CALL (800) 000-0000 TOLL FREE, OR VISIT WWW.ERCOMPOSTABLESETTLEMENT.COM

Box 0000, Seattle, WA 98111.  You can call the Settlement Administrator at (800) 000-0000 or Class Counsel at (925) 300-4455, if you have any questions.  Before doing so, however, please read this full Notice carefully. You may also find additional information elsewhere on the case website.

**EXHIBIT D**

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MEGANNE NATALE and CHELSEA CHENG, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>9199-4467 QUEBEC INC. d/b/a EARTH RATED,<br><br>Defendant. | Case No. 2:21-cv-6775-JS-SIL<br><br>**STIPULATION REGARDING UNDERTAKING RE: ATTORNEYS' FEES AND COSTS** |

Plaintiffs Meganne Natale and Chelsea Cheng (collectively, "Plaintiffs"), and Defendant 9199-4467 Quebec Inc. d/b/a Earth Rated ("Defendant") (with Plaintiffs, the "Parties"), by and through and including their undersigned counsel, stipulate and agree as follows:

WHEREAS, Bursor & Fisher, P.A. (the "Firm") desires to give an undertaking (the "Undertaking") for repayment of its share of the award of attorney fees and costs, approved by the Court, and

WHEREAS, the Parties agree that this Undertaking is in the interests of all Parties and in service of judicial economy and efficiency.

NOW, THEREFORE, each of the undersigned counsel, on behalf of themselves as individuals and as agents for their law firm, hereby submit themselves and their respective law firms to the jurisdiction of the Court for the purpose of enforcing the provisions of this Undertaking.

Capitalized terms used herein without definition have the meanings given to them in the Settlement.

By receiving any payments pursuant to the Settlement, the Firm and its shareholders, members, and/or partners submit to the jurisdiction of the United States District Court for the Eastern District of New York, for the enforcement of and any and all disputes relating to or arising out of the reimbursement obligation set forth herein and the Settlement.

In the event that the Final Settlement Order and Judgment or any part of it is vacated, overturned, reversed, or rendered void as a result of an appeal, or the Settlement is voided, rescinded, or otherwise terminated for any other reason, the Firm shall, within fourteen (14) days of such occurrence, repay to Defendant or Defendant's insurers, based upon written instructions provided by Defendant's Counsel, the full amount of the attorneys' fees and costs paid to the Firm from the Settlement Fund, including any accrued interest.

In the event the attorneys' fees and costs awarded by the Court or any part of them are vacated, modified, reversed, or rendered void as a result of an appeal, the Firm shall within fourteen (14) days of such occurrence, repay to Defendant or Defendant's insurers, based upon written instructions provided by Defendant's Counsel, the attorneys' fees and costs and any other amounts paid to the Firm and/or the named plaintiffs and/or class representatives from the Settlement Fund in the amount vacated or modified, including any accrued interest.

This Undertaking and all obligations set forth herein shall expire upon finality of all direct appeals of the Final Settlement Order and Judgment.

In the event the Firm fails to repay to Defendant or Defendant's insurers any of attorneys' fees, costs, or any other amounts paid to the Firm and/or the named plaintiffs and/or class representatives that are owed to it pursuant to this Undertaking, the Court shall, upon application of Defendant, and notice to the Firm, summarily issue orders, including but not limited to

judgments and attachment orders against each of the Firm, and may make appropriate findings for sanctions for contempt of court.

The undersigned stipulate, warrant, and represent that they have both actual and apparent authority to enter into this stipulation, agreement, and undertaking on behalf of the Firm.

This Undertaking may be executed in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Signatures by facsimile shall be as effective as original signatures.

The undersigned declare under penalty of perjury under the laws of the United States that they have read and understand the foregoing and that it is true and correct.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD:

Dated: __March 13, 2024__        BURSOR & FISHER, P.A.

By: L. Timothy Fisher, on behalf of Bursor & Fisher, P.A. Attorneys for Plaintiffs and Class Counsel

Dated: __March 14, 2024__        NELSON MULLINS RILEY & SCARBOROUGH LLP

By: Jahmy S. Graham
Attorneys for Defendant 9199-4467 Quebec Inc.
d/b/a Earth Rated